NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JULIA TOPE, *Plaintiff/Appellant*,

*v.*

MAGNUS TITLE AGENCY, LLC, *Defendant/Appellee*.

No. 1 CA-CV 26-0096
FILED 8-12-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-008936
The Honorable Dewain D. Fox, Judge

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Julia Tope, Black Canyon City
*Plaintiff/Appellant*

Rose Law Group, PC, Scottsdale
By Dennis P. Brookshire
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Angela K. Paton and Judge Michael J. Brown joined.

**B A I L E Y**, Judge:

¶1        Julia Tope appeals the superior court's award of attorneys' fees to Magnus Title Agency, LLC ("Magnus"). Because the superior court did not err in determining that Magnus was the prevailing party and that an award of attorneys' fees under Arizona Rule of Civil Procedure ("ARCP") 11, Arizona Revised Statutes ("A.R.S.") § 12-349(A), and A.R.S. § 13-2314.04(A) was appropriate, we affirm in part but vacate the portion of the superior court's order awarding fees under A.R.S. § 13-2314.04(Q).

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2025, Julia Tope filed a complaint against multiple defendants, alleging various claims related to real estate transactions. Tope added Magnus and other title companies as defendants in her second amended complaint and alleged the companies violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). She later filed a third amended complaint ("TAC") to "clarify the chronology of events, refine the factual allegations, and delineate how each cause of action applies specifically to the [d]efendant[s]."

¶3        In early September 2025, Magnus filed an ARCP 16 report asserting that Tope's allegations lacked merit and stated its intent to seek ARCP 11 sanctions and to recover its attorneys' fees and costs. On September 18, 2025, Magnus sent Tope an email, informing Tope she had "no evidentiary basis for a RICO claim against [it]," and demanding that she voluntarily dismiss her claims against it within ten days or face sanctions under ARCP 11. The next day, Tope responded that she would "not be withdrawing [her] claims" and that "if [Magnus] believe[d] sanctions are warranted, [Magnus was] free to pursue them through proper channels."

¶4        After the ten-day deadline expired, Tope dismissed Magnus under ARCP 41(a)(1)(A)(i). Magnus then moved to recover its costs and sought an attorneys' fees award on three grounds: ARCP 11, A.R.S. § 12-349(A), and A.R.S. § 13-2314.04. Magnus simultaneously filed its statement of costs and its attorneys' fees application. In a 15-page minute entry, the superior court granted Magnus' request for attorneys' fees on all three grounds. The superior court found Magnus was entitled to attorneys' fees under ARCP 11 because it tried to resolve the RICO claim via good faith consultation, Tope's RICO claim lacked factual allegations, and no reasonable litigant would have filed the RICO claim against Magnus under similar circumstances. The court also found Magnus entitled to attorneys'

fees under A.R.S. §§ 12-349(A)(1) and (2) after analyzing the factors under A.R.S. § 12-350 to determine whether an award was appropriate. Finally, the court found Magnus was entitled to attorneys' fees under A.R.S. §§ 13-2314.04(A) and (Q) because Magnus prevailed on the RICO claim and Tope violated the provisions in A.R.S. § 13-2314.04(P). The court entered an attorneys' fee judgment pursuant to ARCP 54(b) for $11,535.00.

¶5        Tope timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.        Deficiencies in Tope's Briefing

¶6        At the outset, we examine whether we can consider the exhibits Tope attached to her opening brief.

¶7        First, Tope attached an email she sent to the Arizona Attorney General in March 2025. Tope did not submit this email to the superior court; it is therefore not a part of the record on appeal, and we cannot consider evidence not contained in the record. *Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 500 (App. 1992).

¶8        Tope also attached a "Narrative Statement" and a self-prepared transcript that she argues complies with Arizona Rule of Civil Appellate Procedure ("ARCAP") 11(d). ARCAP 11(d) allows an appellant to prepare and file a narrative statement of proceedings when no transcript of oral proceedings is available. But the appellant must "file the narrative statement in the superior court within 30 days after filing the notice of appeal, and must serve it on the other parties." ARCAP 11(d).

¶9        Tope filed neither the narrative statement nor the self-made transcript with the superior court within the 30-day deadline. Accordingly, those attachments are not part of the record on appeal and we cannot consider them. *See* ARCAP 11(a)(1) (defining the record on appeal); *Ness*, 174 Ariz. at 500. Absent an official transcript or "narrative statement of the proceedings, we must presume" the record supports the superior court's ruling. *Ward v. Mount Calvary Lutheran Church*, 178 Ariz. 350, 358 (App. 1994).

¶10        Tope also presents argument on an issue not included in her notice of appeal. Specifically, she contends the superior court erred by treating similarly situated defendants unequally when it excused the title companies from participating in alternative dispute resolution. We

consider only those rulings properly designated and timely brought in the notice of appeal. *See* ARCAP 8(c)(3) (requiring appellant to designate the judgment they are appealing from); *Premier Fin. Servs. v. Citibank (Arizona)*, 185 Ariz. 80, 87 (App. 1995) (holding we lack jurisdiction to review rulings not contained in the notice of appeal). Because Tope appealed only the superior court's award of attorneys' fees to Magnus and the underlying findings supporting the impositions of sanctions and the fee awards, we lack jurisdiction to consider the alternative dispute resolution argument.

**¶11** Finally, Tope raises five issues for the first time in her reply brief: whether the superior court (1) lacked jurisdiction to award attorneys' fees or impose sanctions, (2) abused its discretion by awarding attorneys' fees and sanctions without holding a hearing, (3) erred by failing to consider her financial hardship, (4) erred by rejecting her "Narrative Statement," and (5) erred by awarding attorneys' fees when it was excessive and unreasonable. Because we seldom consider arguments raised for the first time in the reply brief, we decline to address four of these arguments and address only the second one below, *infra* ¶ 28. *See Tripati v. Forwith*, 223 Ariz. 81, 86, ¶ 26 (App. 2009).

## II. Sufficiency of the Superior Court's Findings

**¶12** Tope contends the superior court erred by failing to make specific findings in its grant of sanctions and attorneys' fees. She argues that "[t]he superior court made no findings supporting fees—a fatal defect under Richey and Trantor." It is unclear whether she is challenging the court's attorneys' fee award under ARCP 11, A.R.S. § 12-349(A), A.R.S. § 13-2314.04(A), or A.R.S. § 13-2314.04(Q). To the extent Tope is challenging the sufficiency of the superior court's findings, we are unpersuaded, as analyzed *infra* ¶¶ 15, 21-22, and 27.

## III. ARCP 11 Sanctions

**¶13** We review the superior court's award of attorneys' fees under ARCP 11 for an abuse of discretion. *Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 96, ¶ 12 (App. 2011).

**¶14** Under ARCP 11, a court may impose sanctions when a party's pleading is "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and the pleading's "claims" must be "warranted by existing law." Ariz. R. Civ. P. 11(b)(1)-(2), (c). When a party moves for ARCP 11 sanctions, that party must first "attempt to resolve the matter by good faith consultation." Ariz. R. Civ. P. 11(c)(2)(A). If the matter remains unresolved after consultation,

4

the moving party must "serve the opposing party with written notice of the specific conduct that allegedly violates [this] Rule." Ariz. R. Civ. P. 11(c)(2)(B).

¶15 Here, the superior court found that Magnus complied with ARCP 11 by attempting to resolve the RICO claim by good faith consultation and then serving Tope with notice that her conduct violated ARCP 11(b). Consistent with ARCP 11(c)(2)(B), Magnus gave Tope ten days after service of the notice to correct her alleged violation. Tope did not withdraw her claim until after the 10-day deadline expired. Tope argues that Magnus failed to adhere to ARCP 11(c)(2)'s requirement to serve its motion for ARCP 11 sanctions. She contends Magnus only sent an email, so "[n]o safe harbor was provided" and "[n]o opportunity to cure existed." The superior court found Magnus provided Tope with written notice of the conduct that allegedly violated ARCP 11(b), and that Tope did not correct the alleged violation within ten days of receiving that notice. We discern no error.

¶16 As to ARCP 11(b)(1) and (2), the superior court found that the TAC lacked "factual allegations to state a viable RICO claim." The court also reviewed Tope's ARCP 26.1 disclosures and determined "Tope disclosed no basis for the RICO claim against Magnus. Indeed, except for the caption and service certificate, Magnus is not mentioned at all in Tope's disclosures." The court also dismissed Tope's contention that "her inclusion of Magnus Title in the [TAC] was based on reasonable inquiry and evidence suggesting that Magnus had a role in real estate transactions connected to" other defendants. Finally, the court concluded that "no reasonable litigant would have filed the RICO claim against Magnus under similar circumstances." The record supports these findings.

¶17 Tope argues the superior court erred because it discounted her pre-filing investigation and good-faith litigation conduct. She contends the superior court should have given more weight to her effort to contact the Arizona Attorney General and seek clarification about its unrelated consumer-fraud and racketeering action against other real estate operators and title companies before filing her claims and her voluntarily dismissal of the title-company defendants when she learned she could not afford to engage an expert witness. But the record shows the court considered these arguments and it was within the court's discretion to weigh them alongside other evidence. *See Carey v. Soucy*, 245 Ariz. 547, 552, ¶ 19 (App. 2018).

¶18 Here, the superior court found Tope's RICO claim "had no evidentiary support[,] and was not likely to have evidentiary support after

reasonable time for investigation," and was filed "for the improper purposes of harassing Magnus, causing unnecessary delay, and needlessly increasing the cost of litigation."  The record supports these findings.  The court did not err by awarding Magnus ARCP 11 sanctions against Tope.

IV.     Attorneys' Fees Under A.R.S. § 12-349(A)

**¶19**          As an attorneys' fees award under A.R.S. § 12-349 presents a mixed question of fact and law, we defer to the superior court's findings of fact unless clearly erroneous.  *Ariz. Republican Party v. Richer*, 257 Ariz. 237, 242, ¶ 10 (2024).  "[B]ut we review the court's interpretation and application of the fee statutes de novo."  *Id.*

**¶20**          The superior court awarded fees against Tope under A.R.S. §§ 12-349(A)(1) and (2), which provide that "the court shall assess reasonable attorney fees [and] expenses . . . against an attorney or party . . . if the attorney or party . . . [b]rings or defends a claim without substantial justification . . . [or] brings or defends a claim solely or primarily for delay or harassment."

**¶21**          Section 12-349(A)(1) requires a showing that the claim was both "groundless" and "not made in good faith."  A.R.S. § 12-349(F).  And A.R.S. § 12-350 lists eight factors the court may consider when determining whether to award fees under A.R.S. § 12-349.  Here, the superior court made extensive findings on each A.R.S. § 12-350 factor and found Tope's RICO claim was groundless and not made in good faith given the lack of factual support.  For those same reasons, it awarded Magnus its attorneys' fees under A.R.S. § 12-349(A)(2).

**¶22**          Tope correctly argues that both *State v. Richey*, 160 Ariz. 564, 565 (1989), and *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994), require the court to "set forth the specific reasons" for a fee award made under A.R.S. § 12-349 by considering the factors in A.R.S. § 12-350.  The superior court made written findings on all eight factors under A.R.S. § 12-350 and determined a fee award was appropriate.  We discern no abuse of discretion.

**¶23**          Tope next contends the superior court erred in awarding attorneys' fees to Magnus because her voluntary dismissal did not create a prevailing party, citing *Mark Lighting Fixture Co. v. Gen. Elec. Supply Co. ("Mark Lighting II")*, 155 Ariz. 27 (1987) and *Britt v. Steffen*, 220 Ariz. 265 (App. 2008), *superseded on other grounds by Club W. Conservancy v. Shea Homes Ltd. P'ship*, 261 Ariz. 141 (App. 2025), in support.  We disagree.

6

¶24        In determining whether to award attorneys' fees under A.R.S. § 12-349, a superior court may consider "[t]he extent to which the party prevailed." A.R.S. § 12-350(7). It is generally in the superior court's discretion to determine whether a defendant is a successful party when the plaintiff voluntarily dismisses a case. *See Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (App. 2007). The cases Tope cites in support of her argument are unavailing.

¶25        *Mark Lighting II* did not reach whether attorneys' fees may be awarded when the complaint is not disposed of on the merits because the appellees failed to timely seek post-judgment relief on the attorneys' fees award. *Mark Lighting II*, 220 Ariz. at 32. And *Britt* held that a party could recover attorneys' fees as the "successful party" in a contract action dismissed without prejudice for lack of prosecution. *Britt*, 220 Ariz. at 267, ¶ 9. Accordingly, the superior court did not abuse its discretion in finding Magnus was the prevailing party under A.R.S. § 12-350(7).

V.        Attorneys' Fees Under A.R.S. § 12-2314.04

¶26        We review a superior court's award of attorneys' fees under A.R.S. § 13-2314.04 for an abuse of discretion. *Hannosh v. Segal*, 235 Ariz. 108, 115, ¶¶ 22-23 (App. 2014).

¶27        Section 13-2314.04(A) allows a successful party to recover "costs and reasonable attorney fees incurred in defense of [a RICO] claim." But "a court shall not award costs, including attorney fees, if the award would be unjust because of special circumstances," which include the disparate finances of the parties or the disproportionate costs and fees in relation to the damage or relief received. A.R.S. § 13-2314.04(M). The superior court found Magnus was the successful party on Tope's RICO claim and Tope did not assert any special circumstances under A.R.S. § 13-2314.04(M) that would render the award unjust.

¶28        Section 13-2314.04(Q) allows the court to sanction a party who signs a pleading in violation of A.R.S. § 13-2314.04(P) after a hearing and appropriate factual findings. Section 13-2314.04(P) provides that a person's signature certifies that the person "carefully read the pleading . . . and based on a reasonable inquiry, believes" the pleading "is well grounded in fact," "is warranted by existing law," and "is not made for any bad faith, vexatious, wanton, improper or oppressive reason." Here, while the superior court made adequate factual findings to support the A.R.S. § 13-2314.04(P) award, its failure to hold a hearing was error. Accordingly, we

vacate this portion of the superior court's order but affirm the court's award of attorneys' fees under the other grounds.

VI.     Attorneys' Fees on Appeal

**¶29**        Magnus requests attorneys' fees and costs on appeal under ARCP 11, A.R.S. § 12-349(A), A.R.S. § 13-2314.04, ARCAP 21, and ARCAP 25.  Because Magnus prevailed on the racketeering claim, we grant its request for its reasonable attorneys' fees and costs under A.R.S. § 13-2314.04(A) upon its compliance with ARCAP 21.

## CONCLUSION

**¶30**        We vacate the portion of the superior court's order awarding attorneys' fees under A.R.S. § 13-2314.04(Q).  We otherwise affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:     JT